# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROTECT THE PUBLIC'S TRUST<br>712 H Street, N.E.<br>Suite 1682<br>Washington, D.C. 20002,<br><br>        Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Case No. 1:22-cv-02014<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

1. Plaintiff Protect the Public's Trust brings this action against the U.S. Department of Justice under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgement Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. Plaintiff Protect the Public's Trust ("PPT") is an unincorporated association of retired and former public servants and concerned citizens that is dedicated to restoring public trust in government by promoting the fair and equal application of the rules and standards of

1

ethical conduct to all public servants. *See* D.C. Code § 29–1102(5). Consistent with Justice Brandeis's aphorism that "Sunlight is said to be the best of disinfectants; electric light the most efficient policeman," PPT seeks to promote transparency and broadly disseminate information so that the American people can evaluate the integrity and ethical conduct of those who act in their name. Louis Brandeis, OTHER PEOPLE'S MONEY AND HOW BANKERS USE IT (1914), https://louisville.edu/law/library/special-collections/the-louis-d.-brandeis-collection/other-peoples-money-chapter-v.

5. Defendant U.S. Department of Justice ("DOJ" or "the Department") is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). The Department has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## STATEMENT OF FACTS

6. On June 1, 2021, PPT submitted a FOIA request to the Department seeking the following records from the Department's Justice Management Division ("JMD"):

   From November 23, 2020 through the date this request is processed, all waivers, impartiality determinations, or any other guidance issued to political appointees of the Biden Administration exempting them from any part of their obligations as defined in relevant laws, regulations, rules, and/or the Biden Administration's Ethics Pledge. This request also includes any records and communications between employees of the JMD, as well as any records and communications between the JMD and any political appointees regarding waivers or impartiality determinations.

7. As the head of the Department, Attorney General Garland, has made clear, FOIA is "a vital tool for ensuring transparency, accessibility, and accountability in government" whose "'basic purpose . . . is to ensure an informed citizenry,' which is 'vital to the functioning of a democratic society [and] needed to check against corruption and to hold the governors accountable to the governed.'" Merrick Garland, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines* 1 (Mar.

15, 2022), https://www.justice.gov/ag/page/file/1483516/download (quoting *NLRB v. Robbins Tire & Rubber Co*, 437 U.S. 214, 242 (1978)) ("Garland Memo").

8. The release of these documents is in the public interest because they will help the public understand which high-level DOJ officials have potential conflicts of interest, how the Department is addressing those conflicts, and whether officials are following the rules. These questions are particularly important at a department like DOJ, which has a significant and cross-cutting policy portfolio.

9. Plaintiff did not receive any response from the Department for over a year.

10. On June 10, 2022, Plaintiff reached out to inquire about the status of Plaintiff's request.

11. On June 10, 2022, the Department responded, indicating that an acknowledgement email was sent on June 1, 2021, that Plaintiff's request was assigned tracking number 125950, that Plaintiff's request was assigned to the "complex" track, that Plaintiff's request was "assigned to the JMD Ethics Staff for action and response," and that "that office is processing 13 other Complex FOIAs that are ahead of you in their queue."

12. On June 14, 2022, Plaintiff asked the Department to resend the June 1, 2021 acknowledgement letter and stated that Plaintiff had not received it.

13. On June 17, 2022, the Department resent its original acknowledgement letter.

14. On June 21, 2022, Plaintiff noted that the acknowledgement letter appeared to have been sent to the wrong email address and requested that future communications, as well as any other previous communications, be sent to the correct address.

15. As the Garland Memo makes clear, "Timely disclosure of records is also essential to the core purpose of FOIA." Garland Memo at 3.

16. At this time, it has been more than a year since Plaintiff submitted its FOIA request. This is well beyond the statutory period for federal agencies to make a determination with respect to a FOIA request. 5 U.S.C. § 552(a)(6)(A)-(B).

17. At this time, the Department has not made a determination of whether it will comply with Plaintiff's request. *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013). The Department has not produced responsive documents to the Plaintiff, communicated to the Plaintiff the scope of the documents it intends to produce and withhold, along with the reasons for such withholding, or informed Plaintiff of its ability to appeal any adverse portion of its determination.

18. To the contrary, based on the Department's June 10 email, it appears that the Department has no intention of responding to Plaintiff's request anytime soon.

19. Given these facts, it appears that absent litigation the Department has not and does not intend to meet its statutory obligations to provide the requested records.

20. Through the Department's failure to make a determination within the time period required by law, PPT has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I

### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

21. PPT repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

22. PPT properly requested records within the possession, custody, and control of the Department.

23. The Department is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

24. The Department is wrongfully withholding non-exempt agency records requested by PPT by failing to produce non-exempt records responsive to its request.

25. The Department is wrongfully withholding non-exempt agency records requested by PPT by failing to segregate exempt information in otherwise non-exempt records responsive to the PPT FOIA request.

26. The Department's failure to provide all non-exempt responsive records violates FOIA.

27. Plaintiff PPT is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA request and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

Protect the Public's Trust respectfully requests this Court:

(1) Assume jurisdiction in this matter, and maintain jurisdiction until the Department complies with the requirements of FOIA and any and all orders of this Court.

(2) Order Defendant to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to PPT's FOIA request and indexes justifying the withholding of all or part of any responsive records withheld under claim of exemption.

(3) Enjoin the Defendant from continuing to withhold any and all non-exempt responsive records.

(4) Award the costs of this proceeding, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

(5) Grant PPT other such relief as the Court deems just and proper.

Dated: July 12, 2022                                Respectfully submitted,

PROTECT THE PUBLIC'S TRUST
By Counsel:

/s/Gary M. Lawkowski
Gary M. Lawkowski
D.D.C. Bar ID: VA125
DHILLON LAW GROUP, INC.
2121 Eisenhower Avenue, Suite 402
Alexandria, Virginia 22314
Telephone: 703-965-0330
Facsimile: 415-520-6593
GLawkowski@Dhillonlaw.com

*Counsel for the Plaintiff*